JOSEPH SPARACIO
Of Counsel
LAW OFFICE OF MARVIN BEN-ARON
534 Cary Avenue
Staten Island, NY 10310
917-549-8712

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   Docket No.:
ORTHOSUPPLY, LLC, and DANIEL ROSS,
                                              **PLAINTIFF DEMANDS A**
                       Plaintiffs,          **TRIAL BY JURY**

    -against-

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO INDEMNITY COMPANY, GEICO GENERAL
INSURANCE COMPANY, GEICO CASUALTY COMPANY,
and JOHN DOE Defendants "1" through "5",

                                  Defendants.
-------------------------------------------------------------X

## COMPLAINT

      Plaintiff Demands a Trial by Jury Plaintiffs ORTHOSUPPLY, LLC, and DANIEL ROSS, as and for their Complaint against defendants GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO CASUALTY COMPANY and JOHN DOE Defendants "1" through "5" (collectively, "Defendants"), hereby allege as follows:

### INTRODUCTION

    1.    Plaintiffs bring this action to recover more than $75,000.00, and to estop the defendants from malicious prosecution and tortious interference with plaintiffs' business relations and to terminate defendants' fraudulent scheme to extort monies from the plaintiffs in contravention of the New York "No-fault" Insurance system by wrongfully denying properly

submitted No-fault bills for reimbursable durable medical equipment and requiring that plaintiffs contract to accept less than the New York Workers' Compensation Fee Schedule for devices provided to insureds injured in motor vehicle accidents. The scheme was and is committed by the defendants who in conjunction with others not presently identifiable to plaintiffs devised a scheme to breach No-fault insurance contracts and prevent plaintiffs from obtaining reimbursement for lawfully provided medical equipment in an attempt to fraudulently put the plaintiffs out of business.

2. Plaintiffs seek a declaration that defendants are legally obligated to pay more than $1.7 million dollars in pending No-fault insurance claims that remain unpaid by the defendants (subject to timely submission of the invoices and proper application of Workers' Compensation Fee Schedule pursuant to the No-fault regulations) because:

    i. The plaintiffs properly billed the defendants for reimbursable durable medical equipment;

    ii. The defendants fraudulently and improperly withheld payments in breach of the contracts of insurance which covered plaintiffs' assignors for injuries sustained in motor vehicle accidents;

    iii. The defendants have fraudulently and improperly interfered with the plaintiffs' proper business relationships so as to induce medical providers issuing proper prescriptions for durable medical equipment to steer business away from the plaintiffs.

    iv. The defendants denied properly billed durable medical equipment that was medically necessary and provided pursuant to prescriptions by duly licensed medical providers or otherwise withheld payment because of

predetermined fraudulent protocols which were solely to financially enrich the defendants and others not presently known.

3. The defendants fall into the following categories:

   i. The defendants, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY COMPANY, are insurance companies that issue New York Automobile policies and fraudulently withhold payments to supplies of durable medical equipment including the plaintiffs herein and engages in malicious prosecution and tortuously interferes with business relations of providers of durable medical equipment with physicians and patients.

   ii. John Doe defendants are individuals and corporations not presently identifiable who are associated with the defendants that conspire with the defendants to further their fraudulent scheme committed against plaintiffs and other providers of durable medical equipment as well as medical providers to intimidate and extort plaintiffs from providing reimbursable durable medical equipment to individuals involved in motor vehicle accidents in contravention of the New York No-fault regulations.

## THE PARTIES

4. The plaintiff: Orthosupply is a New Jersey corporation with its principal place of business in Englewood Cliffs, New Jersey. Orthosupply was incorporated on September 9, 2016, is owned, operated, and controlled by defendant, DAN ROSS.

5. Plaintiff, DAN ROSS, resides in and is a citizen of New Jersey.

6. Defendants: Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company, are Nebraska corporations with their principal places of business in Chevy Chase, Maryland. The defendants are authorized to conduct business and to issue policies of automobile insurance in the State of New York.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8. Pursuant to 28 U.S.C. §1331, this Court also has jurisdiction over the claims brought under 18 U.S.C. §§ 1961 et seq. (the Racketeer Influenced and Corrupt Organizations ["RICO"] Act) because they arise under the laws of the United States. In addition, this Court has supplemental jurisdiction over the subject matter of the claims asserted in this action pursuant to 28 U.S.C. § 1367.

9. Venue in this District is appropriate pursuant to 28 U.S.C. §1391, as the Eastern District of New York is the District where a substantial amount of the activities forming the basis of the Complaint occurred.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Defendants underwrite automobile insurance in the State of New York.

I. **An Overview of the Pertinent Laws**

A. Pertinent Laws Governing No-Fault Insurance Reimbursement

11. New York's "No-Fault" laws are designed to ensure that injured victims of motor vehicle accidents have an efficient mechanism to pay for and receive the healthcare services that they need.

12. Under New York's Comprehensive Motor Vehicle Insurance Reparations Act (N.Y. Ins. Law §§ 5101, et seq.) and the regulations promulgated pursuant thereto (11 N.Y.C.R.R. §§ 65, et seq.) (collectively referred to as the "No-Fault Laws"), automobile insurers are required to provide Personal Injury Protection Benefits ("No-Fault Benefits") to Insureds.

13. In New York, No-Fault Benefits include a minimum of up to $50,000.00 per Insured for medically necessary expenses that are incurred for healthcare goods and services, including goods for DME and OD. See N.Y. Ins. Law § 5102(a).

14. In New York, claims for No-Fault Benefits are governed by the New York Workers' Compensation Fee Schedule (the "New York Fee Schedule").

15. Where a specific item of durable medical equipment does not have a fee payable in the Medicaid Fee Schedule ("Non-Fee Schedule item") then the fee payable by an insurer such as defendants to the provider shall be the lesser of: (i) 150% of the acquisition cost to the provider; or (ii) the usual and customary price charged to the general public.

16. Pursuant to a duly executed assignment, a healthcare provider may submit claims directly to an insurance company and receive payment for medically necessary goods and services, using the claim form required by the New York State Department of Insurance (known as "Verification of Treatment by Attending Physician or Other Provider of Health Service" or, more commonly, as an "NF-3").

17. In the alternative, a healthcare service provider may submit claims using the Healthcare Financing Administration insurance claim form (known as the "HCFA-1500" or "CMS-1500 form").

## II. **Plaintiffs' Billing for Durable Medical Equipment**

18. Plaintiff, Orthosupply submitted bills to defendants to collect charges for durable medical equipment.

19. Plaintiffs received legitimate prescriptions for what they believed to be reasonable and medically necessary durable medical equipment from duly licensed healthcare practitioners.

20. The durable medical equipment identified in each bill submitted to the defendants were actually provided to the assignors based upon the legitimate prescriptions presented by said assignors.

21. Plaintiffs submitted bills that comported with the No-fault fee schedule.

## III. **The Defendants' Fraudulent Schemes**

22. The named defendants with the assistance of the John Doe defendants created an implemented a fraudulent scheme wherein they improperly withhold payment to plaintiffs and other providers by maliciously, improperly and without basis alleging that plaintiffs collude with unidentified medical providers to improperly bill the insurance carriers for properly submitted bills for durable medical equipment.

23. The defendants wrongfully enter into contracts to provide motor vehicle insurance to residence of the State of New York, with no intention to pay legitimate claims, fabricating

allegations of improper prescriptions and illegal kickbacks in order to blatantly breach the policies of insurance for which they collected significant premiums.

24. That the defendants engage in malicious prosecution against the plaintiffs and other durable medical equipment providers as well as health care professionals to intimidate and extort them into either not providing supplies and/or treatment to individuals injured in motor vehicle accidents and/or to extort them into contracts violative of the New York No-fault regulations regarding fee schedule.

25. The defendants were able to perpetrate the fraudulent scheme against plaintiffs because of improper agreements with third party individuals associated with the defendants who are not presently identifiable.

26. As part of this scheme and based on improper financial arrangements with these unidentifiable third-parties, the defendants have withheld significant payments for properly billed reimbursable durable medical equipment.

27. In order to deprive plaintiffs of payment for properly billed reimbursable durable medical equipment, defendants entered into improper agreements with others who are not presently identifiable to institute malicious unfounded actions against the plaintiffs, in an attempt to force them out of business.

28. In a further attempt to force the defendants out of business, the defendants, in association with others who are not presently unidentifiable, have engaged in concerted efforts to damage plaintiffs' reputation within the business community, interfering with plaintiff's properly and legally cultivated business relationships.

29. That the defendants in coordination with the John Doe defendants have improperly interfered with plaintiffs' ability to conduct their proper business of providing

durable medical equipment by seeking to interfere with plaintiffs' ability to obtain the lawful prescriptions for durable medical equipment in that they are attempting to have physicians steer their patients away from the plaintiffs.

30. The defendants were legally and ethically obligated to act honestly, and with integrity in connections with the bills they received from plaintiff.

31. The No-fault regulations, and New York case law interpreting same, require that insurers not treat insureds and their assignees as adversaries and should make prompt payment for properly submitted bills.

32. Defendants are under a statutory and contractual obligation to promptly and fairly process claims within 30 days.

33. GEICO has failed in its statutory and contractual obligations to promptly and fairly process claims, engaging in malicious prosecution and interfering with plaintiffs' appropriate and legitimate business relations.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment, 28 U.S.C. §§2201 and 2202)

34. Plaintiffs incorporate as though fully set forth herein at length, each and every allegation contained in the paragraphs set forth above.

35. There is an actual case in controversy between Orthosupply and the defendants regarding more than $1.7 million dollars in proper billing for reimbursable durable medical equipment that has been submitted to the defendants.

36. Plaintiff, Orthosupply, has the right to receive payment for its pending bills submitted to the defendants because the defendants have violated their statutory and contractual obligations to promptly and fairly process the claims submitted by the plaintiffs for duly provided durable medical equipment issued pursuant to lawful and legitimate prescriptions.

37. Plaintiff, Orthosupply, has a right to receive payment for its pending bills submitted to the defendants because the referring medical providers determined that the supplies provided were medically necessary and defendants have not rebutted the presumption of medical necessity.

38. Accordingly, plaintiff, Orthosupply, requests a judgment pursuant to the Declaratory Judgment Act 28 U.S.C. §§2201 and 2202, declaring that Orthosupply has the right to receive payment for all pending bills submitted to GEICO under the name Orthosupply.

## SECOND CAUSE OF ACTION
(Violation of RICO, 18 U.S.C. § 1962(c)) and § 1962(d))

39. Plaintiffs incorporate as though fully set forth herein at length, each and every allegation contained in the paragraphs set forth above.

40. GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO CASUALTY COMPANY are ongoing "enterprises" as that terms is defined in 18 U.S.C. §1961(4), that engages in activities that affect interstate commerce.

41. The defendants knowingly conducted and/or participated, directly or indirectly, in the conduct of their affairs through a pattern of racketeering activity consisting of repeated violations of the mail fraud statute, 18 U.S.C. §1341, based upon the use of the United States mail to submit or cause to be submitted multiple fraudulent denials depriving plaintiffs of payments to which they were duly eligible and fraudulently conspiring to force the plaintiffs out of business by circulating unfounded malicious claims that plaintiffs improperly submit bills without valid prescriptions and for items that are not provided to assignors.

42. Defendants business is racketeering activity inasmuch as the enterprise exists for the purpose of fraudulently denying claims assigned by insureds and engaging in extortion to

require plaintiffs to abandon legitimate claims and to contract to bill for less than the statutory charges for durable medical equipment provided under the No-fault fee schedule.

43. The defendants are engaged in inherently unlawful acts inasmuch as they continue to deny legitimate billing and to extort the plaintiffs for the purpose of putting them out of business.

44. The plaintiffs have been injured in the business by reason of the above described conduct in that defendants have fraudulently withheld payment of approximately $1.7 million dollars of legitimate bills as well as its extortion to require plaintiffs to abandon legitimate billing and to coerce plaintiff to accept less than the appropriate fee schedule.

45. By reason of its injury, plaintiffs are entitled to treble damages, costs and reasonable attorney's fees pursuant to 18 U.S.C. 1964(c) and any other relief the Court deems just and proper.

### THIRD CAUSE OF ACTION
### (Common Law Fraud)

46. Plaintiffs incorporate as though fully set forth herein at length, each and every allegation contained in the paragraphs set forth above.

47. The defendants have intentionally and knowingly made false and fraudulent statements of material fact to the plaintiffs and to third parties in the course of the withholding of payment for legitimate claims, defrauding plaintiffs and insureds by issuing policies of insurance that they have no intention of honoring and avoiding payment through unfounded and trumped up claims.

48. That the defendants have intentionally made false and fraudulent statements in a calculated effort to avoid paying legitimate charges that were duly compensable under the No-fault laws.

49. Plaintiffs have been injured in their business by reason of the above conduct.

50. Defendants extensive fraudulent conduct demonstrates a high degree of moral turpitude and wanton dishonesty that entitle plaintiffs to recovery punitive damages.

51. According, by virtue of the foregoing, plaintiffs are entitled to compensatory and punitive damages, together with interest and costs, and any other relief the Court deems just and proper.

### FIFTH CAUSE OF ACTION
### (Malicious Prosecution)

52. Plaintiffs incorporate as though fully set forth herein at length, each and every allegation contained in the paragraphs set forth above.

53. That the defendants have instituted litigation against the plaintiffs with knowledge that the claims asserted against the plaintiffs are unfounded and totally fabricated to damage the plaintiffs financially and to damage the plaintiffs' reputation.

54. That the defendants have wrongfully made use of the Courts in an attempt to extort money from the plaintiffs and as part of settlement negotiations to compel plaintiff to contract to receive less than the appropriate fee schedule for the durable goods it supplies.

55. That the defendants know that the allegations that they have made in the course of filing legal action are false and are solely to cause damage, incur significant costs and otherwise damage plaintiffs' reputation and business.

56. Accordingly, by virtue of the foregoing, plaintiffs are entitled to compensatory damages and any other relief the Court deems just and proper.

## SIXTH CAUSE OF ACTION
### (Tortious Interference with Plaintiffs' Business Relations)

57. Plaintiffs incorporate as though fully set forth herein at length, each and every allegation contained in the paragraphs set forth above.

58. That defendants have improperly communicated with medical providers that have, in the past, submitted prescriptions to assignors that have obtained reimbursable durable medical equipment from the plaintiffs to besmirch the plaintiffs' reputation and to induce those medical providers to steer injured parties away from the plaintiffs.

59. That the defendants are aware that the fraudulent and false claims made against the plaintiffs, when communicated to medical providers is an inducement to have such medical providers to distance themselves from the plaintiffs and steer their patients away from plaintiffs.

60. That as a result of the defendants knowingly false communications and representations to medical providers that have previously provided prescriptions under which plaintiffs provided legitimate reimbursable durable medical equipment, plaintiffs have suffered damage to their reputation, a reduction in legitimate referrals from medical providers and consequential financial loss.

61. By reason of its injury, plaintiffs are entitled to compensatory damages and any other relief the Court deems just and proper.

## JURY DEMAND

62. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment on the First Cause of Action seeking judgment pursuant to the Declaratory Judgment Act 28 U.S.C. §§2201 and 2202, declaring that Orthosupply has the right to receive payment for all pending bills submitted to GEICO under the name Orthosupply; on the Second Cause of Action for treble damages, costs and reasonable attorney's fees pursuant to 18 U.S.C. 1964(c); on the Third Cause of Action for compensatory and punitive damages, together with interest and costs; on the Fourth Cause of Action for compensatory and punitive damages, together with interest and costs; on the Fifth Cause of Action for compensatory and punitive damages, together with interest and costs and for the Sixth Cause of Action for compensatory and punitive damages, together with interest and costs and any other relief the Court deems just and proper.

Dated:  February 5, 2025
        Staten Island, New York

Law Office of Marvin Ben Aron

*Joseph Sparacio*
JOSEPH SPARACIO
Of Counsel
534 Cary Avenue
Staten Island, NY 10310
917-549-8712

Counsel for Plaintiffs:
ORTHOSUPPLY and DANIEL ROSS