UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ORTHOSUPPLY LLC and DANIEL ROSS,

                                Plaintiffs,

        -against-

GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO CASUALTY COMPANY, and JOHN DOE DEFENDANTS "1" THROUGH "5",

                                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
25-CV-651 (FB) (TAM)
(Not for publication)

**TARYN A. MERKL**, United States Magistrate Judge:

On February 5, 2025, Plaintiffs Orthosupply LLC and Daniel Ross ("Plaintiffs") filed a complaint against Defendants Government Employees Insurance Company ("GEICO"), GEICO Indemnity Company, GEICO General Insurance Company, GEICO Casualty Company, and John Doe Defendants "1" through "5," seeking a declaratory judgment and alleging racketeering activity that involves fraud, common law fraud, malicious prosecution, and tortious interference with business relationships, in connection with reimbursement requests for medical equipment. (Compl., ECF No. 1.) To date, despite multiple warnings, Plaintiffs have not filed correct proposed summons or proof of service. Accordingly, the Court recommends dismissal without prejudice under Federal Rule of Civil Procedure 4(m).

Federal Rule of Civil Procedure 4 provides, in pertinent part, that:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that

> service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Under Rule 4(m), Plaintiffs were required to serve defendants with the complaint and summons by May 6, 2025. However, since filing this lawsuit on February 5, 2025, Plaintiffs have failed to file sufficient proposed summons or proof of service. (*See* Feb. 5, 2025 ECF Docket Entry; Feb. 7, 2025 ECF Docket Entry; Feb. 10, 2025 ECF Docket Entry.) In addition to being sent three notices from the Clerk of Court that the proposed summons were deficient, the Court reminded Plaintiffs of the service deadline and directed Plaintiffs to file corrected summons twice. First, on April 10, 2025, the Court reminded Plaintiffs of the 90-day service deadline and ordered corrected summons to be filed by April 17, 2025, and that proof of service must be filed by May 6, 2025. (Apr. 10, 2025 ECF Order.) The April 10, 2025 Order further advised counsel that "[f]ailure to do so may result in dismissal." (*Id.* (citing Fed. R. Civ. P. 4(m)).) Then, when Plaintiffs failed to meet the April 17, 2025 summons deadline, on April 21, 2025, the Court directed counsel to file proposed summons "FORTHWITH" and advised counsel that: "**Failure to file proof of service by 5/6/2025 <u>will</u> result in dismissal without prejudice**. *See* Fed. R. Civ. P. 4(m)." (Apr. 21, 2025 ECF Order (emphasis in original).) To date, Plaintiffs have failed to file corrected summons or proof of service.

On May 8, 2025, the Court issued a final order to show cause, warning that if Plaintiffs failed to submit "proof of service, or a status report explaining why proof of service has not been filed," by May 22, 2025, the Court would recommend dismissal of this case under Federal Rule of Civil Procedure 4(m). (May 8, 2025 ECF Final Order to Show Cause.) To date, Plaintiffs have filed neither proof of service nor a status report

explaining why proof of service has not been filed, nor have they otherwise moved the case forward.

For the foregoing reasons, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

*   *   *   *   *

This report and recommendation will be filed electronically. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Frederic Block at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[ judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
       May 29, 2025

_Taryn A. Merkl_
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE